UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GARLAND WALTER WILLIAMSON, JR.                    CIVIL ACTION

VERSUS                                            NO.  08-1578

CRAIG WEBER, SHERIFF                              SECTION "R" (2)
OF LAFOURCHE PARISH ET AL.


**FINDINGS AND RECOMMENDATION**

At the time of filing this complaint, plaintiff, Garland Walter Williamson, Jr., was a prisoner incarcerated in the Lafourche Parish Detention Center.  Plaintiff instituted the captioned suit pursuant to 42 U.S.C. § 1983 alleging that while incarcerated in the Lafourche Parish Detention Center, he was subjected to various unconstitutional conditions of confinement and provided with inadequate medical care for an injury to his wrist.  Plaintiff seeks injunctive relief and monetary damages.  Record Doc. No. 1, Complaint at ¶ IV and its attached Statement of Claim and  ¶ V.

By order dated April 18, 2008, the court required plaintiff to file with the court on or before May 12, 2008 (1) a written list of the full names of all persons whom plaintiff contends violated his constitutional rights under the facts alleged in this lawsuit; (2) a written statement advising the court whether plaintiff is presently incarcerated based on a conviction and, if so, the date of conviction; (3) a written statement of the facts expected to be offered at trial, either orally or as documents; (4) a complete and specific

list of all documents to be offered at trial; and (5) a complete list of all witnesses to be called at trial, including the name and address of each witness and a separate summary of the expected testimony of each witness.  A review of the record indicates that this order was mailed to plaintiff at the address listed in his complaint at the Lafourche Parish Detention Center.  This order was returned to the court, and no response from plaintiff has been received.  Record Doc Nos. 5 and 18.

On May 9, 2008, counsel for the Sheriff advised the court that plaintiff had been released from incarceration on April 11, 2008 and provided the court with a forwarding address for plaintiff.  Record Doc. No. 14.  Accordingly, by order dated May 12, 2008, plaintiff was granted until May 30, 2008 to respond to the court's previous order requiring him to provide the court with a statement of facts and list of witnesses and exhibits.  Plaintiff was further advised that it is his responsibility to keep the court advised of any address change and that failure to comply with the orders of the court may result in dismissal of this action.  The Clerk was directed to mail a copy of this order to plaintiff at the forwarding address provided to the court by defense counsel.  This order also has been returned to the Clerk, and no response from plaintiff has been received. Record Doc. Nos. 11 and 20.

On May 13, 2008, counsel for the Sheriff advised the court that mail sent to plaintiff at the forwarding address previously provided to the court had been returned to

the Sheriff stamped "Not Deliverable as Addressed, Unable to Forward." Record Doc. No. 16. Accordingly, staff of the undersigned magistrate judge inquired and staff of the Lafourche Detention Center confirmed that plaintiff had indeed been released on April 11, 2008, and that the forwarding address previously provided to the court by the Sheriff was the last known address available for plaintiff from the prison.

Thereafter, by order dated June 3, 2008, plaintiff was ordered to show cause why his suit should not be dismissed for failure to prosecute based on his failure to comply with the court's previous order dated May 12, 2008. Alternatively, plaintiff was again ordered to file his written statement of facts, witnesses and exhibits no later than June 20, 2008. Plaintiff was advised that this would be his final notice of the court's requirement and that failure to comply with this order would result in a recommendation that his case be dismissed for failure to prosecute. The record reflects that this order was sent by the Clerk to plaintiff at the forwarding address provided to the court by the Sheriff and confirmed by the prison, as set out above. This order also has been returned to the Clerk, and no response from plaintiff has been received. Record Doc. Nos. 22 and 23.

Every order addressed to plaintiff from the court has been returned. All litigants are obligated to keep the court advised of any address change. Local Rules 11.1E and 41.3.1E. In addition, the complaint form used by plaintiff to institute this action contains the following declaration dated March 24, 2008, and signed by plaintiff: "I understand

- 3 -

that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."  Record Doc. No. 1, Complaint at ¶ VI.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court.  Hulsey v. State of Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987).  In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order.  Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989);  Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986).  Since the plaintiff in this case is in proper person, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); Edwards v. Harris County Sheriff's Office, 864 F. Supp. 633, 637 (S.D. Tex. 1994).  A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than

mere ignorance.  <u>Kersh v. Derozier</u>, 851 F.2d 1509, 1512 (5th Cir. 1988); <u>Birl</u>, 660 F.2d at 593.

"[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." <u>Lewis v. Hardy</u>, 248 Fed. Appx. 589, 2007 WL 2809969, at *4 n. 1 (5th Cir. 2007).

The court has attempted through its orders to have plaintiff provide it with the information necessary to prosecute plaintiff's case.  Plaintiff's failure to comply with Local Rules 11.1E and 41.3.1E and the court's April 18, May 12 and June 3, 2008 orders clearly reflects a failure on the part of plaintiff to prosecute.

In an effort to afford plaintiff one final opportunity to respond, I have issued these findings and recommendation to the presiding United States District Judge.  Plaintiff is advised that she may object to the Magistrate Judge's proposed Findings and Recommendation within ten (10) days from the date of service of this report.  The plaintiff is advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit. It is suggested to the plaintiff that his objection should contain a short summary of the reasons that plaintiff failed to comply with the court's previous orders.  It is further

suggested that the plaintiff should also provide the court with the information requested in the court's previous orders as detailed above.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may and probably will result in dismissal of plaintiff's suit. A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

## RECOMMENDATION

It is recommended that, if plaintiff does not file written objections to these Findings and Recommendation, the claims of Garland Walter Williamson, Jr., be dismissed with prejudice for failure to prosecute.

New Orleans, Louisiana, this ___7th___ day of July, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

- 6 -